**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY WILKERSON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:13-1499** |
| | : | |
| **v.** | : | |
| | : | **(MANNION, D.J.)** |
| **UNITED STATES OF AMERICA,** | | **(CARLSON, M.J.)** |
| | : | |
| **Defendant** | : | |
| | : | |

# M E M O R A N D U M

Plaintiff Anthony Wilkerson is a prisoner housed at the United States Penitentiary, Canaan. He is one of several inmates who have filed suit in this district after allegedly contracting salmonella poisoning in June 2011 when the prison served fajitas that were made with bad chicken. At issue here is whether the administrative tort claim filed by plaintiff in taking steps to comply with an exhaustion requirement was insufficient because he failed to sign it, and whether plaintiff received notice that his claim had been rejected on technical grounds and given an opportunity to sign his administrative claim form.

Pending before the court is the report and recommendation of Judge Carlson, (Doc. 27), recommending that defendant's motion to dismiss for lack of jurisdiction, (Doc. 22), be denied because the factual record needs more development. Judge Carlson's report is **ADOPTED IN ITS ENTIRETY**.

## I.    STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II.    DISCUSSION

As thoroughly explained by Judge Carlson, defendant's motion to dismiss (construed as a motion for summary judgment) argues that plaintiff has failed to exhaust his administrative remedies before filing his lawsuit under the Federal Tort Claims Act, 28 U.S.C. §2670 *et seq.* ("FTCA"). Defendant supports this motion by providing a declaration of a paralegal employed by the Bureau of Prisons, along with other exhibits, (Doc. 23-1), which reveal that plaintiff, although he submitted an administrative tort claim form SF-95 that was complete in most respects, failed to sign the form. A letter informing plaintiff of the rejection of his claim for his failure to sign it was sent. Plaintiff in turn submitted an affidavit, (Doc. 25), stating that he never received the rejection letter. He further noted "that if I did get this letter that is plainly explaining that all I needed to do was sign and resubmit my claim, I would have done just that." He does not dispute that the letter was sent, but avers he never received it.

Judge Carlson's report thoroughly discusses the exhaustion requirements and statute of limitations of the FTCA. In this case, plaintiff's failure to sign his form, and then respond to the letter informing him of that deficiency, caused him to fail to file a claim within two years of the alleged incident as required by the FTCA. However, equitable tolling is possible in some cases where a plaintiff "exercised due diligence in pursuing and preserving his claim." Santos ex rel. Beato v. U.S., 559 F.3d 189, 197 (3d Cir.

2009)(*citing* Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990)).

The court notes that defendant has filed objections, (Doc. 30), to Judge Carlson's report, arguing that the language of 28 C.F.R. §14.2 is plain and speaks for itself and requires an executed form, and that Bialowas v. U.S., 443 F.2d 1047 (3d Cir. 1971), requires that the technical requirements of the regulations be met. Defendant relies on Pa. v. Nat'l Assoc. of Flood Insurers, 520 F.2d 11 (3d Cir. 1975)(overturned on other grounds) for the same proposition. The court agrees with Judge Carlson that Bialowas is distinguishable because plaintiff there only partially filled out his form, failed to include a statement of sum certain, and then, when given notice of the deficiency via telephone conversation, failed to rectify the problems with his form. Moreover, the Third Circuit cases relied on by defendant, including White-Squire v. U.S. Postal Serv., 592 F.3d 453 (3d Cir. 2010), focus on plaintiff's failure to provide a "statement of a sum certain," something which plaintiff here completed properly.

Defendant's objections fail to address plaintiff's claims that he was not presented with an opportunity to amend his mistake, and by extension, fail to address the possibility that equitable tolling is appropriate here. Defendant contends that the failure of plaintiff to submit a signed form ends the inquiry, but Judge Carlson's report explains thoroughly that equitable tolling, though rare, is sometimes appropriate where a plaintiff has acted to preserve his claim. Here, there is a factual question regarding whether tolling is

4

appropriate, as there are facts on the record suggesting he was acting diligently to pursue his claim properly. The court agrees with Judge Carlson that there are factual issues and credibility determinations that need to be examined in order to determine if plaintiff's administrative claims were exhausted, and the related issue of whether equitable tolling is appropriate in this case.

## III.   CONCLUSION

Given the factual issues and credibility determinations necessary to determine whether plaintiff received notice of the deficiency, and is potentially entitled to equitable tolling, Judge Carlson's report and recommendation is **ADOPTED IN FULL**. Defendant's motion, (Doc. 22), is **DENIED** without prejudice to the resolution of the case on a more fully documented motion for summary judgment, or a plenary hearing to address the factual issues. The case is referred to Judge Carlson for further proceedings in accord with his recommendation that a hearing or more fully documented summary judgment motions are necessary.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 24, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1499-01.wpd

5