**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY WILKERSON, | : |
| | : |
| Plaintiff | CIVIL ACTION NO. 3:13-1499 |
| | : |
| v. | |
| | :   (MANNION, D.J.) |
| UNITED STATES OF AMERICA, | (CARLSON, M.J.) |
| | : |
| Defendant | |
| | : |

**MEMORANDUM**

Plaintiff Anthony Wilkerson is a prisoner confined at the United States Penitentiary, Canaan ("USP Canaan"). He is one of several inmates who have filed suit in this district after allegedly contracting salmonella poisoning in June 2011 when the prison negligently served fajitas that were made with contaminated chicken. He filed this action against the Untied States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2670 *et seq.*

On February 3, 2015, United States filed a status report indicating that discovery was completed, the time for filing dispositive motions expired, and this case was trial ready. (Doc. 47). Judge Carlson then issued a Report and Recommendation on March 13, 2015, stating that no motions are pending and "the only remaining matters appear to relate to scheduling this case for trial ...." (Doc. 48). The time within which to object to Judge Carlson's recommendation has passed and no objections were filed. Judge Carlson's

1

report and recommendation is **ADOPTED**.

**I.    STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II.   DISCUSSION**

This case is ready to be scheduled for trial. A status conference has been set for May 7, 2015 and a scheduling order was entered. (Doc. No. 57). The trial in this FTCA action is a non-jury trial. *See* 28 U.S.C. §2402. On April 6, 2015, the United States responded to the court's March 23, 2015 Order directing it to advise the court whether it will be admitting liability and only challenging damages. (Doc. 49). The response indicates the government's intent to contest both causation and damages. (Doc. 50). It states that the United States "had a state law duty not to prepare or serve contaminated food to inmates and that it breached that duty leading to the salmonella outbreak which is the subject of this lawsuit." However, the United States "will [] not acknowledge liability to [Wilkerson] until he has adduced sufficient proof establishing that the United States breached its duty <u>to him</u>, that the breach of this duty caused harm <u>to him</u>, and <u>he</u> suffered damages as a result of it." (Id., at 2) (emphasis in original). Thus, at trial, the United States will be contesting causation and damages since it "does not have information sufficient to form a belief as to whether and to what extent this outbreak affected [Wilkerson]." (Id.).

The FTCA governs all claims "against the United States for money damages or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment ... ." 28 U.S.C.

3

§2675(a). Under the FTCA, "[t]he United States shall be liable ... in the same manner and to the same extent as a private individual under like circumstances ...." 28 U.S.C. §2674. In an FTCA action, a federal district court must apply the law of the state in which the alleged tortious conduct occurred. 28 U.S.C. §1346(b); Olivares v. U.S., 447 Fed.Appx. 347, 353 (3d Cir. 2011) ("The FTCA adopts the substantive dimensions of the state law the Government is accused of violating."). In this case, the alleged negligence conduct occurred at USP Canaan located in Pennsylvania. In order to establish a negligence claim under Pennsylvania law, a plaintiff must prove each of the following four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 139 (3d Cir. 2005). A plaintiff must show that the defendant's negligence was the proximate cause of his injury, that is, causation which was a factual cause in bringing about the alleged injury. Gorman v. Costello, 929 A.2d 1208, 1213 (Pa.Super.Ct. 2007).

The United States owes federal inmates a duty of care to protect them from unreasonable risks. The duty of care which the United States owes to federal inmates is ordinary diligence to keep inmates safe from harm. 18 U.S.C. §4042. Thus, the United States must "exercise reasonable care and diligence to protect the prisoner from danger ... ." Hossic v. United States, 682 F.Supp. 23, 25 (M.D.Pa.1987).

At trial, Wilkerson will be required to come forward with evidence to show that his alleged symptoms from eating the tainted chicken were caused by negligent conduct on the part of prison staff. As such, Wilkerson must present evidence to demonstrate that the conduct on the part of prison staff was a "factual cause" in bringing about his symptoms. Wilkerson will also have to demonstrate that he suffered damages as a result of salmonella poisoning.

It appears that a factual dispute exists between the parties regarding whether Wilkerson suffered from salmonella poisoning at USP Canaan, the basis for his negligence claim, and that the United States intends to produce evidence at trial related to liability, including evidence that Wilkerson was not afflicted with food poisoning. Thus, the court appointed Wilkerson counsel and Attorney Michael Dempsey entered his appearance on behalf of plaintiff. (Doc. 52, Doc. 54).

Also, on April 6, 2015, the United States filed a Motion to Stay this case pending a decision from the United States Supreme Court on whether the two distinct statutes of limitations contained in the FTCA are jurisdictional in nature and whether equitable tolling is precluded. (Doc. 51). Previously, the United States moved to dismiss this case for lack of jurisdiction. (Doc. 22). On April 24, 2014, the court issued a Memorandum and Order regarding Wilkerson's failure to sign his tort claim form and his failure to respond to the letter informing him of that deficiency which caused him to not file his claim

within two years of the alleged incident as required by the FTCA. (Docs. 33, 34). The court agreed with Judge Carlson's recommendation that the motion be denied without prejudice since there were factual issues and credibility determinations that needed to be examined in order to determine if Wilkerson's administrative remedies were exhausted, and the related issue of whether equitable tolling was appropriate in this case.

The United States did not file its brief in support of its motion to stay. However, on April 22, 2015, the U.S. Supreme Court issued a decision in U.S. v. Wong, --- S.Ct. ----, 2015 WL 1808750 (April 22, 2015). The Supreme Court held that FTCA's statute of limitations are nonjurisdictional and therefore are subject to equitable tolling. Id. at *12. Thus, courts may equitably toll the two time limits contained in 28 U.S.C. §2401(b) ("[a] tort claim against the United States shall be forever barred unless it is presented [to the agency] within two years ... or unless action is begun within six months" of the agency's denial of the claim. The court's adoption of Judge Carlson's recommendation that the government's motion to dismiss this case for lack of jurisdiction be denied is consistent with the Supreme Court's recent decision in *Wong, supra*. As such, the court will deny the government's motion to stay. (Doc. 51).

### III. CONCLUSION

Judge Carlson's report and recommendation, (Doc. 48), is **ADOPTED**. The United States' motion to stay this case, (Doc. 51), is **DENIED**. An

appropriate order will be issued.

          s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 16, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1499-02.wpd